IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**LARRY GOODEN,**

**Defendant.**                                              No. 07-CR-30015-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Gooden's motion for copies of sentencing transcripts. Based on the following, the Court denies the motion.

Gooden contends that he needs his sentencing transcripts to perfect his 28 U.S.C. § 2255 petition where he intends to advance a claim of ineffective assistance of counsel for permitting the prosecutor to withdraw the plea agreement based upon a failure to disclose information regarding another crime. Although the transcripts have been prepared, the Court will not provide those free of charge unless Gooden can make some further showing. *See Rush v. United States*, 559 F.d 455 (7th Cir. 1977)(holding that prisoners without counsel have a right to reasonable access to existing files in their underlying case prior to filing of petition collaterally attacking their sentence. Before providing copies free of charge, a district court may require the requester to show: (1) that he has exhausted *all* other means of access to his files ( *i.e.*, through his trial and appellate counsel), (2) that he is financially unable to

secure access to his court files ( *i.e.,* through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson,* 618 F.2d 1215, 1218-19 (7th Cir.1980); *Rush v. United States,* 559 F.2d 455, 459 (7th Cir.1977). These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Here, it appears that Gooden's motion is insufficient. He neither has demonstrated that he has exhausted his other sources - his attorney for obtaining transcripts nor has demonstrated through sufficient evidence that he is financially unable to secure access to his files. While Gooden has explained why he needs the documents, he must first file the 2255 action in order to obtain preparation of transcripts under § 753(f). **United States v. Horvath, 157 F.3d 131, 132-33 (2nd Cir. 1998)(collecting cases)**. Because Gooden has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f). Therefore, the Court **DENIES** Gooden's motion for copies of sentencing transcripts (Doc. 135).

**IT IS SO ORDERED.**

Signed this 9th day of November, 2011.

Digitally signed by David R. Herndon
Date: 2011.11.09 10:27:11 -06'00'

**Chief Judge
United States District Court**